## Booth Fisheries Company, Plaintiff in Error, v. Jacob Rehm, alias Jack Rehm, Defendant in Error.

### Gen. No. 17,209.

CONTRACT—*evidence in action on.* In an action on contract to recover money advanced, evidence held to show that the money was given the defendant as a gift or gratuity rather than under an arrangement to repay.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; MAX H. WHITNEY and GEORGE A. KELLY, of counsel.

No appearance for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This writ of error to the Municipal Court brings before us an action of the fourth class in contract, brought by plaintiff in error to recover from defendant in error, Rehm, the sum of $984, which sum was shown to have been advanced to Rehm in part by the Chlopeck Branch of the Booth Fisheries Company, and in part by J. J. Chambers as receiver of A. Booth & Company.

It appears that Jacob Rehm, alias Jack Rehm, an employee at Chlopeck Brothers branch of plaintiff in error, was hurt at their factory on Sunday, March 21, 1909. He was taken to the Alexian Brothers Hospital, where he remained for some time, suffering from a broken arm; he was not able to work for some time after leaving the hospital; he testified that he did not work for fourteen months after the injury.

The jury found in favor of defendant in error, and

plaintiff in error urges reversal of the judgment upon the following grounds: The verdict was manifestly against the weight of the evidence; appellee's counsel made improper remarks in his closing arguments to the jury; and the court erred in overruling appellant's motion for a new trial.

Defendant in error admits that he received some money from the plaintiff in error, and that certain sums were paid to the hospital direct for his expenses; he denies, however, that he agreed to reimburse his employers for the moneys advanced. The only question in the case is whether the money was given by plaintiff in error as a gift or gratuity, or whether defendant in error had agreed to repay the money thus advanced. The jury found in favor of defendant, and, after a careful consideration of the evidence, we are unable to say that the verdict is against the weight of the evidence. The judgment is, therefore, affirmed.

*Affirmed.*